IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIE D. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-4162-GPM |
| ) | |
| MEMORIAL HOSPITAL OF CARBONDALE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Before the Court are the parties' various motions in limine. Having heard argument, the Court's rulings are listed below.

Defendant's First Motion in Limine (Doc. 75) is **DENIED**. If, however, evidence relating to plaintiff's other claims, (i.e., the claims that were lost on summary judgment), is admitted, the Court will give a limiting instruction that the evidence may be considered only as to whether Defendant discriminated against plaintiff when it placed him on Probation.

Defendant's Second, Third, Fifth, Sixth, and Seventh Motions in Limine (Docs. 76, 77, 81, 82, 83) are **GRANTED**. Excluded from evidence are: Linzie Ledbetter's discrimination claim and any other discrimination claim by an employee of Jackson County Ambulance, (JCAS), or Memorial Hospital of Carbondale, Dr. McClallen's testimony about discipline he imposed on a Paramedic while he was Medical Director, Tracy Fenton's alleged use of controlled substances, Dottie Miles' 1980 gender discrimination claim against JCAS, and Paula Bierman's separation from Memorial Hospital as well as her sister's illness. Defendant's Fourth Motion in Limine (Doc. 78) is **WITHDRAWN**.

Plaintiff's Motions in Limine (Doc. 79) are **GRANTED IN PART, WITHDRAWN IN PART, and REMAIN PENDING IN PART.** Specifically, Plaintiff's First Motion In Limine is **WITHDRAWN**. Plaintiff's Second Motion In Limine is **GRANTED.** Excluded from evidence is Plaintiff's alleged comment to Connie Falkenberry.

Plaintiff's Third Motion In Limine is **GRANTED IN PART and REMAINS PENDING IN PART.** Excluded from evidence is any evidence relating to any discipline of a Paramedic by D. McClallen while he was Medical Director until July 2002. Specifically excluded from evidence are Dr. McClallen's 1999 letter about Pam Davis' performance as a paramedic and Dr. McClallen's 1998 suspension of, (and Ms. Bierman's disciplinary report against), Mark Boyd. Defense counsel proposes that Dr. McClallen should be barred from testifying at trial altogether because he has no relevant testimony. Plaintiff wishes to have Dr. McClallen testify that Plaintiff was a "good paramedic," he "got along well" with Plaintiff, and nobody ever raised concerns about Plaintiff's ability to read ECG strips or his ability to prioritize work. This is a relevancy question that will be addressed during trial.

Plaintiff's Fourth Motion In Limine **REMAINS PENDING.** Plaintiff proposes to exclude any and all evidence that Defendant placed Caucasian employee John Owen on Probation in late 2004 after Plaintiff was placed on Probation. Specifically, Plaintiff argues that Mr. Owen is not similarly situated to Plaintiff because: 1) Owen was not a Paramedic, 2) Owen was not charged with violating protocol, and 3) Owen's Probation occurred after made the claim that his Probation was discriminatory. Defendant argues that Owen's Probation is highly relevant. This issue will be addressed during trial.

**IT IS SO ORDERED.**
DATED: February 20, 2007.

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge