# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIE D. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-4162-GPM |
| | ) |
| MEMORIAL HOSPITAL OF CARBONDALE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to accept remittitur and for addition of interest brought by Plaintiff Archie D. Thompson (Doc. 151). Thompson, a paramedic employed by Defendant Memorial Hospital of Carbondale ("the Hospital"), brings this action against the Hospital pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981 for race discrimination in employment. On February 22, 2007, a jury found for Thompson on his claim of unlawful racial discrimination and awarded Thompson $500,000 in compensatory damages. The Court entered judgment on the jury's verdict in favor of Thompson on March 2, 2007. On the Hospital's subsequent appeal from the jury's verdict in this case, the United States Court of Appeals for the Seventh Circuit affirmed the jury's finding that Thompson had been a victim of racial discrimination in employment, but concluded also that a remittitur of the jury's $500,000 verdict to $250,000 is warranted in this case. *See Thompson v. Memorial Hosp. of Carbondale*, 625 F.3d 394, 408-10 (7th Cir. 2010). Accordingly, the Seventh Circuit Court of Appeals vacated the jury's award of compensatory damages and remanded the case to this Court for

the purpose of determining whether Thompson would accept a remittitur or whether a hearing on the issue of remittitur would be required. *See id*. at 410 (citing *Marion County Coroner's Office v. EEOC*, 612 F.3d 924, 931 (7th Cir. 2010)). The appellate mandate in this case issued on November 29, 2010.

In the instant motion Thompson advises the Court that he accepts a remittitur of the jury's $500,000 verdict in this case to $250,000. Thus, the principal issue in dispute between Thompson and the Hospital concerns the post-judgment interest to which Thompson is entitled on the verdict. In general, of course, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a) (footnote omitted).[1] The statute provides further that "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b). "Section 1961(a) of the Judicial Code entitles the prevailing plaintiff in a federal suit . . . to postjudgment interest at a rate fixed in the statute, whether or not there is an award of interest in the judgment, or even a request for interest in the complaint." *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990) (citation omitted). *See also Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson Co*., 896 F.2d 228, 230

---

1. In this case, according to information available on the official website of the Board of Governors of the Federal Reserve System (http://www.federalreserve.gov), the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the original judgment in this case, March 2, 2007, is 5.05%. *See Bova v. U.S. Bank, N.A*., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases).

(7th Cir. 1990) (terming a prevailing party's motion for post-judgment interest "superfluous"). *Accord Newmont U.S.A. Ltd. v. Insurance Co. of N. Am.*, 615 F.3d 1268, 1277 (10th Cir. 2010) (under Section 1961 an award of post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute, although parties can contract for a different rate); *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) ("Because we have consistently held that an award of postjudgment interest is mandatory, the district court erred in not including interest at the statutory rate.") (citation omitted). The parties to this case do not dispute Thompson's right to post-judgment interest, but differ as to the amount of such interest Thompson may recover. The Hospital contends that because the Seventh Circuit Court of Appeals ordered a remittitur of the jury's verdict, Thompson is entitled only to post-judgment interest from the date that the Court enters a new judgment in this case, consistent with the appellate mandate and Thompson's acceptance of remittitur. Thompson argues in turn that because the jury's verdict in this case was upheld, albeit reduced, on appeal, he is owed post-judgment interest from March 2, 2007, the date of entry, as noted, of the Court's original judgment in this case.

In support of its position, the Hospital relies upon *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990). In *Kaiser* the district court directed a verdict for Kaiser at the first trial in the case; that ruling was reversed on appeal. *See id*. at 829. The second trial resulted in a jury verdict in Bonjorno's favor in the trebled amount of $5,445,000. *See id*. at 830. The district court held that the evidence did not support the jury's damages award and granted Kaiser's motion for a new trial on damages. *See id*. The limited retrial resulted in a jury award in the trebled amount of $9,567,939. *See id*. After judgment was entered, the district court granted Kaiser's motion for

a judgment notwithstanding the verdict as to a portion of the damages awarded by the jury. *See id*. Bonjorno appealed the reduction in damages, and the court of appeals reversed the partial grant of judgment notwithstanding the verdict as to damages. *See id*. Asked to decide when post-judgment interest commenced, the Supreme Court of the United States held that post-judgment interest may not be calculated from the date of entry of a judgment on damages that was not supported by the evidence, saying,

> The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant. Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.

*Id*. at 835-36 (quotation and brackets omitted). Thus, the Court held, post-judgment interest accrued from the date of judgment on the limited retrial, despite the erroneous grant of partial judgment notwithstanding the verdict. *See id*. at 836.

The Hospital relies also upon *Divane v. Krull Electric Co*., 319 F.3d 307 (7th Cir. 2003). In *Divane*, the district court had made a "blanket" award of attorneys' fees to the prevailing party as a sanction for misconduct by one of the attorneys for the prevailing party's opponent, without ascertaining the attorneys' fees the prevailing party actually had incurred as a result of the misconduct at issue. *Id*. at 309. The Seventh Circuit Court of Appeals vacated the sanctions award and remanded the case for a determination by the district court of the attorneys' fees the prevailing party had incurred purely as a result of the misconduct of the opposing party's attorney, as opposed to attorneys' fees the prevailing party would have incurred regardless of the misconduct. *See id*. On an appeal from the re-calculated attorneys' fees award, the court of appeals

held that post-judgment interest would run from the date of the district court's judgment on remand, because the original judgment had not been supported by evidence of the specific damages the prevailing party had incurred as a result of the misconduct of its opponent's attorney. *See id*. at 322 (citing *Kaiser*, 494 U.S. at 835-36).

The Court finds that the Hospital's reliance on *Kaiser* and *Divane* is misplaced. The correct rule in this case is that, although in a case where "a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment," in a case in which "the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment." *Cordero v. De Jesus-Mendez*, 922 F.2d 11, 16 (1st Cir. 1990). Thus, "[w]here an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment." *Id*. at 17. *See also McDevitt & Street Co. v. Marriott Corp*., 948 F.2d 1281, 1281 (4th Cir. 1991) (Table) (in a case remanded to the district court for a re-computation of damages, holding that where "[t]he remand was merely for arithmetic recalculations made necessary by a relatively minor factual error and for an offset against the award to Marriott," so that "[t]he first judgment remained intact for the most part, and no further evidence was necessary on remand," post-judgment interest ran from the date of the original judgment in the case); *H.J. Inc. v. Flygt Corp*., 925 F.2d 257, 261-62 (8th Cir. 1991) (post-judgment interest was properly awarded from the date of entry of the original judgment in an antitrust action, rather than from the date judgment was entered following remand of the case to the district court from the court of appeals, where an award of damages for attempted monopolization and as compensatory damages in the original judgment was affirmed on appeal, and a remand for a retrial on punitive damages did not affect the portion of the damages award that was

affirmed); *Northern Natural Gas Co. v. Hegler*, 818 F.2d 730, 737-38 (10th Cir. 1987) (quoting *Ashland Oil, Inc. v. Phillips Petroleum Co.*, 607 F.2d 335, 336 (10th Cir. 1979)) (holding that interest was to be calculated from the date of a district court's original judgment, not a judgment entered by the district court on remand of the case from the court of appeals, because the reversal of the original judgment "was not to a large 'extent' or an extent sufficient to change the determinative [original] judgment"). "If a judgment . . . is later modified by the district court or an appellate court, whether the award is increased or reduced, interest on the revised award will run from the date of the original judgment unless, of course, the allowance of any amount is reversed." *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir. 1983), *overruled in part on different grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986). "[I]nterest properly accrues from the date of the initial judgment 'because that is the date on which the correct judgment should have been entered.'" *Id.* (quoting *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 676 (9th Cir. 1973)).

In the context of post-judgment interest in a case in which a remittitur of a damages award has been ordered, the rule is as follows:

> Where the initial judgment is supported by the evidence and the later judgment merely reflects a remittitur of a certain portion of that judgment as excessive, the courts of appeals have routinely decided that damages were sufficiently "ascertained" at the time of the first judgment and that post-judgment interest should run from the date of the original judgment.

*Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1339-40 (11th Cir. 1999) (collecting cases). Thus, where "damages . . . were sufficiently ascertained at the time of the [d]istrict [c]ourt judgment," and a remittitur ordered on appeal "merely reduced the damages by a distinct amount easily determined from the facts of the case," post-judgment interest accrues from the date of the

district court's original judgment, rather than from the date that the plaintiff consents to remittitur on remand from the court of appeals. *Coal Res., Inc. v. Gulf & W. Indus., Inc.*, 954 F.2d 1263, 1275 (6th Cir. 1992). "The initial judgment is viewed as correct to the extent it is permitted to stand, and interest on a judgment partially affirmed should be computed from the date of its initial entry." *Johansen*, 170 F.3d at 1340. *See also Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1080 (9th Cir. 2009) (subsequent reductions on appeal of an award of punitive damages did not affect the date post-judgment interest on the award began to run, given that "[n]either the evidentiary basis for the award nor the legal foundation for an award has been disturbed after nearly a dozen years of subsequent litigation."); *Dunn v. HOVIC*, 13 F.3d 58, 61 (3d Cir. 1993) (noting that "when a court orders a remittitur, it does not necessarily signify that the damages were not 'ascertained' in a meaningful way," and holding that a plaintiff in a products liability case was entitled to post-judgment interest from the date of the original judgment in his favor, even though the original judgment was for $26.3 million dollars and the ultimate judgment following an appeal and remittiturs was for $1.5 million, where a part of the original damages award was affirmed without the necessity of retrial); *Masinter v. Tenneco Oil Co.*, 934 F.2d 67, 68 (5th Cir. 1991) (in an action for injuries sustained aboard a drilling rig, holding that the plaintiff, who was given the option of accepting remittitur of a future lost wages award or of seeking a new trial on the issue of damages, was entitled to post-judgment interest on the award of future lost wages from the date of the original judgment of the district court); *Litwinowicz v. Qweyerhaeuser S.S. Co.*, 185 F. Supp. 692, 694 (E.D. Pa. 1960) ("Whether the judgment or decree below be reduced or increased [on appeal], interest is allowed on so much thereof as can be said to be 'affirmed' by the appellate court, from the date of original entry.").

In this case, the Seventh Circuit Court of Appeals found that the jury's judgment in favor of Thompson was basically sound and supported by evidence. However, the reviewing court determined that the jury's award was excessive in light of the circumstances of the case. The Seventh Circuit Court of Appeals noted that neither the adverse employment action Thompson suffered, being placed on probationary status by the Hospital with no change to his regular pay as a paramedic, nor the serious but not unusually severe emotional distress Thompson experienced as a result of being placed on probationary status, warranted an award of half a million dollars. *See Thompson*, 625 F.3d at 410. Also, the reviewing court found that the award was not in line with awards in similar cases. *See id*. Thus, the Seventh Circuit Court of Appeals held, a reduction of the damages award was in order. Nonetheless, "[t]he judgment in this case was permitted to stand to the extent of [the Hospital's] responsibility for [Thompson's] injuries; an award of interest from the date of the original judgment . . . is therefore consistent with [*Kaiser*]." *Tinsley v. Sea-Land Corp*., 979 F.2d 1382, 1383 (9th Cir. 1992). As a final matter, the Court notes that, under Rule 37 of the Federal Rules of Appellate Procedure, "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Fed. R. App. P. 37(b). The Seventh Circuit Court of Appeals has interpreted Rule 37(b) to mean that "any provision for interest on a judgment cannot be made by a district court when the terms of the mandate of the Court of Appeals did not provide for interest." *Lee v. Terminal Transp. Co*., 301 F.2d 234, 235-36 (7th Cir. 1962) (citing *Briggs v. Pennsylvania R.R. Co*., 334 U.S. 304, 308 (1948)). *See also Bankers Life & Cas. Co. v. Bellanca Corp*., 308 F.2d 757, 759 (7th Cir. 1962) (where the mandate of the court of appeals provided for an award of "costs and interest" to the prevailing party on appeal on remand of the case to the district

court, it was beyond the authority of the district court to restrict post-judgment interest to periods when cross-appeals by the adverse party were not pending). The appellate mandate in this case is silent as to the matter of interest, but the Court does not believe that Rule 37(b) precludes an award of post-judgment interest in this case. The mandate of the Seventh Circuit Court of Appeals did not direct that a judgment for money be entered in this case, instead remanding the case to this Court for a determination about whether Thompson would accept a remittitur.

To conclude, Thompson's motion to accept remittitur and for addition of interest (Doc. 151) is **GRANTED**. The Court will enter judgment in Thompson's favor in the amount of $250,000 in compensatory damages, with post-judgment interest on the award to run from March 2, 2007, the date of the Court's original judgment in this case, at the rate of 5.05%, computed daily to the date of payment and compounded annually.

**IT IS SO ORDERED.**

DATED: May 2, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge